IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ORLANDO ROBLES ORTIZ**<br>Plaintiff<br><br>v.<br><br>**PEDRO TOLEDO et als**<br>Defendants. | CIVIL NO. 05-1281(JAG) |

**MOTION TO VACATE PRELIMINARY INJUNCTION HEARING**

TO THE HONORABLE COURT:

**COME NOW** appearing defendants PEDRO TOLEDO, IVAN RODRIGUEZ and DANIEL DIAZ DIAZ, and very respectfully aver and pray as follows:

1. At the status conference held on June 17th 2005, Court granted plaintiff until June 24th to summon **all defendants** with a copy of the Application for Temporary Retraining Order and Preliminary Injunctive Relief, the Memorandum of Law in Support of Application for a Temporary Retraining and Preliminary Injunctive Relief and First Amended Complaint. The Preliminary Injunction hearing was set for July 1st, 2005 (Docket No. 20).

2. On June 24th 2005, Defendants filed an Opposition to Plaintiff's Request For Preliminary Injunction (Docket 24). June 30th 2005, Plaintiff solicited the continuance of the preliminary injunctive relief, since not all individual defendants had been served of the amended complaint as required by the Court. Hence, the Court scheduled the hearing for August 4th, 2005. However, so far, Plaintiff has

failed to comply with the Court's order regarding the service of the amended complaint and the other documents to co-defendant Agustín Cartagena, whom is sued in his individual capacity.

3.     Rule 65 (a) (1) FRCP disposes that "no preliminary injunction shall be issued without notice to the adverse party." According to Rule 6(d) FRCP, the notice under Rule 65 (a) (1) should be served on the adverse party **at least five day** before the preliminary injunction hearing. Parker v Ryan 960 F2d 543, 544 (5th Cir. 1992). "In any instances a shorter notice period would compromise the opposing party's ability to marshal the evidence and present arguments against the issuance of the injunction, which might violate due process standards. Wright, Miller and Cane, Federal Practice and Procedure, sec. 2949 (1995). "The notice requirement by Rule 65(a) ... implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." Granny Goose Foods. Inc v. Brotherhood of Teamsters & Auto Truck, 415. U.S. 423, 432 (1974). An Injunction given without proper notice to the adverse party, in violation of Rule 65 (a), should be dissolved. Phillips v. Chas. Schreiner Bank, 894 F.2d 127, 131 ( 5th Cir. 1990).

4.     In the instant case Plaintiff has not notified the remaining defendant of the injunctive relief hearing, as ordered by the Court on June 17th, 2005. Since the Court specifically requested Plaintiff to summon all defendants before the hearing, the preliminary injunction hearing should not be held. Plaintiff had had plenty of time to carry out courts order. Twice the Court has rescheduled the

hearing from its original date more than one month ago. However, Plaintiff has not posed any explanation for his delay.

**WEREFORE,** defendants respectfully request from this Honorable Court to vacate the Injunction hearing and deny the temporary restraining order and/or preliminary injunction sought by the plaintiff in the instant case.

**IT IS HEREBY CERTIFIED** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: **Luis Rafael Rivera.**

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 1st day of August 2005.

**ROBERTO SANCHEZ RAMOS**
Secretary of Justice

**ARLENE GARDON RIVERA**
Interim Deputy Secretary
In Charge of Litigation

**JO ANN ESTADES BOYER**
Director of the Federal Litigation Division

*S/ JOSUÉ GONZALEZ ORTIZ*
**JOSUÉ GONZALEZ ORTIZ**
USDC-PR 221808

Department of Justice
Federal Litigation Division
P.O. Box 9020192
San Juan, PR 00902-0192
Tel. (787) 721-5636
Fax (787) 723-9188
Email: josgonzalez@justicia.gob.pr