IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ORLANDO ROBLES-ORTIZ,

Plaintiff,

v.

PEDRO TOLEDO, et als.,

Defendants.

Civil No. 05-1281 (JAG)

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On June 3, 2005, Orlando Robles-Ortiz filed a First Amended Complaint against Pedro Toledo, Superintendent of the Puerto Rico Police Department; Agustín Cartagena, former Superintendent of the Puerto Rico Police Department; Luis R. Santiago-Torres, Commissioner of the Humacao Municipal Police; and Police Officers Manuel Díaz-Díaz and Ivan Rodríguez, all in their personal and individual capacities, for alleged violations to his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.   Plaintiff seeks a declaratory judgment enjoining the Puerto Rico Police Department and the individual defendants from engaging in unconstitutional conduct pursuant to 28 U.S.C. § 1343.  (Docket No. 8).  Plaintiff requests compensatory and punitive damages.

On June 2, 2005, plaintiff filed a Memorandum of Law in Support of Application for Temporary Restraining Order ("TRO") and a Preliminary Injunctive Relief ("PI").  (Docket No. 7).  On June 6, 2005, the Court denied the TRO and referred to a U.S. Magistrate Judge the

request for preliminary injunction for a hearing and report and recommendation.  (Docket No. 10, 13 and 16).

On June 20, 2005, plaintiff filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief renewing the original TRO and PI request claiming plaintiff's situation had deteriorated allegedly due to defendants' prosecution against him.  (Docket No. 21).   The Emergency Motion was referred to the undersigned and the same was denied. (Docket No. 22 and 23).

The preliminary injunction hearing which was scheduled for July 1, 2005 was continued per plaintiff's request and was re-set for July 14, 2005.  (Docket No. 26 and 27).  The hearing set for July 14, 2005 was also continued per defendants' request and re-set for August 4, 2005. (Docket No. 28 and 29).

On August 2, 2005, defendants filed a Motion to Set Aside the Preliminary Injunction Hearing because all defendants had not been served.  (Docket No. 30).

On August 4, 2005, defendants filed a Motion to Convert Preliminary Injunction Hearing into a Show Cause Hearing requesting this Court to stay all proceedings under the Younger Abstention Doctrine.  (Docket No. 31).

On August 4, 2005, the case was called for the preliminary injunction hearing but the same could not be held because plaintiff failed to bring an interpreter. The hearing was re-set for August 16, 2005.  Arguments were heard from both parties as to Dockets No. 30 and 31. The Court denied Docket No. 30 and noted Docket No. 31.  (Docket No. 32).

Orlando Robles-Ortiz v. Pedro Toledo, et al
Civil No. 05-1281 (JAG)
Report and Recommendation
Page 3

On August 10, 2005, defendants filed a Supplemental Response in Opposition to plaintiff's request for Preliminary Injunction reiterating the arguments previously made in their Opposition and explaining in more detail the reasons why this Court should abstain from entertaining this case under the Younger Abstention Doctrine. (Docket No. 33).

On August 16, 2005, plaintiff filed a Memorandum in Support of Request for Preliminary Injunctive Relief claiming that, since the criminal complaint filed against plaintiff at the state level was allegedly filed after the instant case was filed, Younger Abstention Doctrine is not applicable to this case. (Docket No. 37).

On August 16, 2005, the case was called for preliminary injunction hearing before this Magistrate Judge.[1] Plaintiff was represented by counsel Luis Rivera-Rodríguez and defendants were represented by counsel Josué González-Ortiz and counsel Francisco Ojeda-Diez. Plaintiff testified on his won behalf. One exhibit was presented by plaintiff and admitted into evidence without any objection.[2] Defendants did not present any witnesses and argued a non-suit which was held in abeyance.

This Magistrate Judge is now in a position to entertain the preliminary injunction request.

---

[1] Plaintiff did not serve defendant Cartagena before the hearing. Plaintiff's counsel argued the presence of Cartagena was not indispensable at the preliminary hearing stage, thus, plaintiff waived his presence and the preliminary hearing will not affect defendant Cartagena.

[2] The exhibit was admitted into evidence in the Spanish language. Plaintiff has filed the required translation.

Orlando Robles-Ortiz v. Pedro Toledo, et al
Civil No. 05-1281 (JAG)
Report and Recommendation
Page 4

# II. FACTUAL BACKGROUND[3]

Plaintiff Robles is thirty six (36) years of age and resides in Street # 2, kilometer 10, Buena Vista Ward in Humacao, Puerto Rico. On December 4, 2004, at approximately 11:15 AM, Officer Díaz and another police officer arrived at plaintiff's house to investigate him for allegedly failing to yield to the police officer's request to detain his vehicle.

Pursuant to the allegations of the First Amended Complaint, Officer Díaz was physically abusive to plaintiff. Then, defendant Officer Rodríguez arrived at the scene and presumptively also physically abused plaintiff. (Docket No. 8).

Plaintiff was placed under arrest and taken to the Police Station for processing. On that same day, plaintiff was given a citation to appear in state court on December 6, 2004 for a charge of obstruction of justice[4] related to the events which transpired that day. Plaintiff was released from custody.

The hearing scheduled for December 6, 2004 was not held because co-defendants Díaz and Rodríguez did not appear in state court.

On March 11, 2005, plaintiff filed the instant federal case. On May 17 and 19, 2005, Officers Díaz and Rodríguez were served with process in this case, respectively.

---

[3] The Factual Background is based on plaintiff's testimony at the PI hearing, the allegations contained in the First Amended Complaint and plaintiff's declaration in support of the injunctive relief request.

[4] Counsel for defendants clarified that the citation indicates by mistake Article 256 of the former Puerto Rico Penal Code when the correct Article should be Article 258, 33 LPRA § 4493, for obstruction of justice. (Docket No. 33).

On May 23, 2005, Officer Díaz issued to plaintiff a citation to appear in state court on May 27, 2005 for alleged drunken driving.  On May 27, 2005, plaintiff appeared in court but Officer Díaz failed to appear.  At that time, plaintiff learned this citation was not for drunken driving but for obstruction of justice related to the events of December 4, 2004.

During the week of May 23, 2005, plaintiff's sister ran into Officer Rodríguez who told her to tell plaintiff that he should drop the lawsuit against him because he would take this matter to the ultimate consequences.

Plaintiff feels intimidated by defendants for their alleged fabrication of a prosecution against him and retaliating against him for not dropping the instant case against defendants. (Docket No. 6, Exhibit 1, and Docket No. 8).

On June 18, 2005, Officer Díaz served upon plaintiff a summons to appear in local court on June 21, 2005 for a charge for obstruction of justice.  Trial in this case is pending in state court.

## III.  DISCUSSION

### A.    General Standard for an Injunction.

An injunction has the effect of requiring a party either to do or refrain from doing something.  "A preliminary injunction is effective *pendente lite* until a decision has been reached at a trial on the merits."  11A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2941, at 33 (1995).

Orlando Robles-Ortiz v. Pedro Toledo, et al
Civil No. 05-1281 (JAG)
Report and Recommendation
Page 6

A court presented with a request for preliminary injunction must assess the following four (4) factors:

(1) the likelihood of success on the merits;

(2) the potential for irreparable harm if the injunction is denied;

(3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and

(4) the effect (if any) of the court's ruling on the public interest.

Ross-Simons v. Baccarat, 102 F.3d 12, 15 (1st Cir. 1996); ESSO Standard Oil v. Mujica-Cotto, 327 F.Supp.2d 110, 129-130 (D.P.R. 2004)

"The *sine qua non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (*citing* Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir.1993)).

## B.   **Younger Abstention Doctrine.**

The anti-injunction provisions of 28 U.S.C. §2283 are not considered an absolute impediment for federal intervention in a 42 U.S.C. §1983 claim. However, "[t]he fact that an injunction may issue ... does not necessarily mean that it must issue automatically." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 151, 108 S.Ct. 1684, 1692 (1988).

Federal intervention in state proceedings under anti-injunction statute is limited to three sets of circumstances: (1) "as expressly authorized by Act of Congress," (2) "where necessary in

aid of [the court's] jurisdiction," and (3) "to protect or effectuate [the court's] judgments." Courts have also recognized a fourth exception justifying intervention in such cases, *i. e.*, where there has been an adequate showing of "irreparable injury." Wulp v. Corcoran, 454 F.2d 826 (1st Cir. 1972).

A plaintiff seeking such relief must bear a heavy burden of establishing the extraordinary circumstances and/or the exceptions discussed in Younger as well as irreparable harm, that must be shown to be both great and immediate.

In Younger, 401 U.S. at 53,  the United States Supreme Court held that federal courts should abstain from enjoining pending criminal proceedings in state court absent exceedingly rare and extraordinary circumstances. Carbone v. Zollar, 845 F.Supp. 534, 537 (N. D.Ill.1993); Rivera-Schatz v. Rodríguez, 310 F.Supp.2d 405, 409 (D.P.R. 2004).  "[T]he Younger Court articulated the federal judiciary's obligation to refrain from adjudicating the merits of federal claims where to do so would needlessly inject federal courts into ongoing state criminal prosecutions." Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 637 (1st Cir. 1996).

Federal courts must abstain from reaching the merits of a case over which it has jurisdiction if an ongoing state judicial proceeding: (1) was instituted prior to the federal proceeding;  (2) whether those proceedings implicate important state interests; and (3) whether the state proceedings afford plaintiff an adequate opportunity to present his federal claims. See ESSO, 327 F.Supp.2d 123; Brooks, 80 F.3d at 638 (citing Middlesex County Ethics Comm'n

v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)); Rivera-Schatz, 310 F.Supp2d at 409.

**C.      Exceptions to Younger Abstention.**

When the Younger requirements are satisfied, "a federal court may nonetheless intervene to halt an ongoing state judicial proceeding if the plaintiff demonstrates 'bad faith, harassment, or any other unusual circumstance.' " Brooks, 80 F.3d at 639.

"Bad faith, for purpose of Younger, entails a showing that the statute [in question] was enforced against [plaintiff] with no expectation of convictions, but only to discourage exercise of protected rights." See Rivera-Schatz, 310 F.Supp2d at 409;  Carbone, 845 F.Supp. at 538 (citing Cameron v. Johnson, 390 U.S. 611, 621, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968)).

In determining whether a prosecution is commenced in bad faith or to harass, courts have typically considered three factors: "(1) whether [the prosecution] is frivolous or undertaken with no reasonable objective hope of success...; (2) whether [the prosecution is] motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights...; and (3) whether [the prosecution is] conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions." Phelps v. Hamilton, 59 F.3d 1058, 1065 (10th Cir. 1995); Rivera-Schatz, 310 F.Supp2d at 409.

**D.      Analysis.**

The first prerequisite for <u>Younger</u> abstention is whether there are ongoing state proceedings against plaintiff which were filed prior to the federal proceeding.

Plaintiff claims he in entitled to an injunctive relief because he is likely to succeed on the merits of the case because plaintiff's prosecution at the state level does not present any law enforcement purpose and is motivated by defendants' personal animosity against plaintiff for filing the present federal lawsuit.  Plaintiff avers the chain of events establishes that plaintiff's state prosecution was done in bad faith for the sole and exclusive purpose of retaliating against plaintiff.  Plaintiff alleges the events underlying the First Amended Complaint in this case took place on December 4, 2004 and defendants did nothing to diligently file criminal charges against plaintiff at that time.  Nevertheless, once defendants were served with process in this case and learned they were being sued at the federal level, criminal summons were issued against plaintiff within three (3) days.  (Docket No. 7).

Defendants in turn contend plaintiff has not demonstrated a probability of success on the merits because the allegations that defendants conspired to subject plaintiff to a false prosecution for drunken driving and Officer Rodríguez' comment that he would take this matter to the ultimate circumstances lack sufficient factual grounds to amount to retaliation.  (Docket No. 24).

In addition, defendants aver in their Supplemental Opposition that this Court should abstain from enjoining the ongoing state criminal procedure and deny plaintiff's request for

injunctive relief under the abstention doctrine of Younger, 401 U.S. at 37. Defendants support

their assertion in the cases of Rivera-Schatz, 310 F.Supp.2d at 405 and Landrigan v. City of

Warwick, 628 F.2d 736 (1st Cir 1980). In essence, defendants argue there is no pending state

charge for drunken driving against plaintiff. The only charge pending against plaintiff is a

complaint under Article 258 of the former Penal Code for obstruction of justice for the incident

which occurred on December 4, 2004, which is the same incident that brings forth the instant

case. Plaintiff was summoned to appear for the pending state charge on December 4, 2004,

way before the instant case was filed. This investigation is ongoing. Defendants contend the

the citation served on plaintiff on June 17, 2005 is related to the same charges of obstruction

of justice which were filed on December 4, 2004. Thus, everything is related to one

investigation for obstruction of justice stemming from the events which transpired on December

4, 2004. Moreover, defendants argue plaintiff has failed to allege that the office of the state

district attorney, which is the state official in charge of the prosecution of the criminal action, has

acted in bad faith or in a retaliatory fashion, as required by Landrigan and Rivera-Schatz.

Accordingly, defendants contend the allegations of retaliation and malicious prosecution are

without merit and the injunctive relief is unwarranted. (Docket No. 33).

Finally, plaintiff claims in his Reply Memorandum in support of the Injunctive Relief that

Younger is not applicable because the present claim under § 1983 was allegedly instituted prior

to the commencement of the criminal proceedings in state court when plaintiff was served with

the citation issued on June 17, 2005 to appear in state court on June 21, 2005. Plaintiff

contends that the citation of December 4, 2004 and the investigation which ensued related to those facts was closed and was re-opened in retaliation and in bad-faith after defendants were served with process in the instant case in May 2005.  Thus, the Younger Abstention is not applicable because the state charges were allegedly filed after the federal case was instituted.  See Plaintiff's Exhibit 1 of PI hearing.  In addition, plaintiff contends that, even in the presence of Younger, abstention is not appropriate because the state proceedings were undertaken in bad faith.  (Docket No. 37).

After considering the evidence presented by plaintiff and the applicable law, this Magistrate Judge finds plaintiff has failed to meet his burden for a preliminary injunction in this case because he has failed to prove he is likely to succeed on the merits of the case due to the applicability of the Younger Abstention Doctrine.  In addition, even without abstention, plaintiff has failed to prove the other elements required for the issuance of a preliminary injunction.  We explain.

The uncontested evidence at the PI hearing shows that plaintiff was indeed served with a citation for obstruction of justice on December 4, 2004 (Docket No. 6, Exhibit 2), the case is pending before state court and the trial has not been held.  Plaintiff counsel's argument that the criminal investigation against plaintiff was closed and re-opened, after defendants were served with process in this case, is not supported by any documentary or testimonial evidence.  No document or testimony was presented at the PI hearing in support of this argument.  Thus, plaintiff's conclusion that the case was closed and was re-opened in retaliation is mere argument

and speculation.  Accordingly, the first prerequisite for Younger abstention, whether there are ongoing state proceedings against plaintiff, is satisfied here, since it is undisputed that plaintiff is currently being prosecuted for an alleged violation to Article 258 of the former Puerto Rico's Penal Code for obstruction of justice.

The second requirement is also met, since the state has a legitimate interest in enforcing its laws against those citizens who allegedly engage in conduct defined as punishable under its statutes.  Rivera-Schatz, 310 F.Supp2d at 409.

Lastly, the Court believes that the pending state proceeding afford plaintiff an opportunity to raise his constitutional challenge.  As in Rivera-Schatz, 310 F.Supp2d at 409, "the Court concludes, guided principally by its strong-held belief in our federalist system, that the state proceedings afford [plaintiff] an adequate opportunity to present his federal constitutional claims."

One issue remains: whether plaintiff's conclusory allegation of bad faith is sufficient to raise an exception to Younger.

Similar to the circumstances in Rivera-Schatz, 310 F.Supp2d at 409, unlike most of the cases dealing with bad faith and harassment, this is not an instance in which the plaintiff has been subjected to multiple charges and/or prosecutions.  No evidence is on record or was presented at the PI hearing which would make us conclude plaintiff has been subject to multiple prosecutions.  The evidence on record shows plaintiff has been cited to appear in state court on two (2) occasions but both citations are related to the events which transpired on December 4,

2004 and to the charges of obstruction of justice.  There is no credible evidence on record to support that plaintiff has also been charged and prosecuted for drunken driving.

Our conclusions are supported by plaintiff's own testimony at the PI hearing. On cross-examination, plaintiff admitted that the citation of December 4, 2004, to appear in state court on December 6, 2004, was related to a charge of obstruction of justice stemming from the events which occurred on December 4, 2004.  In addition, plaintiff admitted the citation of June 17, 2005 to appear in state court on June 21, 2005 was also for the charge of obstruction of justice related to the events of December 4, 2004. Plaintiff testified he appeared in state court on December 6, 2004 and on June 21, 2005 and nothing was discussed about drunken driving; all proceedings were related to obstruction of justice for the events which took place on December 4, 2004.  On re-direct examination, plaintiff explained that when he was given the citation to appear in state court on June 17, 2005 he was told it was for drunken driving. Nonetheless, when he appeared on June 21, 2005 to state court he found out it was not for drunken driving.  On re-cross examination, plaintiff testified the only effect of the citations against him has been that he has appeared in state court twice.

Thus, plaintiff has failed to present any documentary or testimonial evidence in support of his claims of alleged bad faith on behalf of the co-defendants.  Plaintiff's claims of "bad faith must be supported with specific allegations from which [this Court] may infer that defendants knowingly instituted meritless prosecutions against [plaintiff] solely to discourage exercise of protected rights." Carbone, 845 F.Supp at 538 (citing Dombrowski v. Pfister, 380 U.S. 479,

487-89, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965)). Specific allegations in support of the alleged bad faith are lacking in this case.

Moreover, plaintiff has failed to allege or present any evidence at the PI hearing that the office of the state district attorney, which is the state official in charge of the prosecution of the criminal action, has acted in bad faith or in a retaliatory fashion, as required by Landrigan and Rivera-Schatz.   As in Rivera-Schatz, 310 F.Supp2d at 409, we will not tinker with the well-settled principle that the 'district attorney alone', should decide when and in what manner to prosecute a suspected offender. See Schlagler v. Phillips, 166 F.3d 439, 444 (2nd Cir.1999).

As to the comment made by Officer Rodríguez to plaintiff's sister that he was going to take this matter to the ultimate consequences, we note no evidence was presented at the PI hearing to support this claim.  Plaintiff's sister did not testify at the PI hearing.  Thus, the only reference to this alleged incident are the allegations contained in the First Amended Complaint and plaintiff's declaration which in fact have several inconsistencies as to how this incident occurred.  The First Amended Complaint claims that Officer Rodríguez visited several of plaintiff's relatives and told them that plaintiff better drop his lawsuit because he would take the matter to its ultimate consequences.  Docket No. 8, ¶ 46.  In turn, plaintiff's declaration indicates that his sister ran into Officer Rodríguez and he told her that plaintiff better drop his lawsuit because he would take the matter to its ultimate consequences.  Docket No. 6, Exhibit 1.  Thus, plaintiff's own allegations in support of this claim are inconsistent and do not support his claim of bad faith and retaliation.

We note that plaintiff for the first time during the preliminary injunction hearing claimed that, at some point in time, Officer Rodríguez threatened him with physical harm telling him he was going to assault him and hit him while on the street.  This allegation was not raised in the First Amended Complaint nor in plaintiff's declaration in support of the injunctive request. Docket No. 6, Exhibit 1 and Docket No. 8.  In fact, plaintiff admitted during cross examination that no reference was made to this incident in his declaration in support of the preliminary injunction request.  Thus, we give no credibility to this allegation based on the facts we have before us.

Finally, the Court notes plaintiff may bring his allegations of selective prosecution as an affirmative defense to the claim for which he is charged at the state court proceeding. See Rivera-Schatz, 310 F.Supp2d at 409; El Pueblo de Puerto Rico v. Leonides Diaz Urbina, 2003 WL 21710215 47 (P.R., July 16, 2003)(dissenting opinion). Consequently, there is nothing from preventing plaintiff from presenting this defense to the jury at the trial to be held in state court

For the foregoing reasons, it is recommended that plaintiff's request for a preliminary injunction be DENIED. Pursuant to Younger and as required by our federalist system of governance, the Court should  abstain from enjoining the criminal proceeding against plaintiff and shall allow his defense to be presented at the pending trial at the state level.

However, it must also be noted that even without abstention, it seems doubtful that plaintiff would satisfy the requirements for obtaining preliminary injunctive relief.

Even if plaintiff were likely to succeed on the merits, matter we reject, his position falls short on the other requirements for a preliminary injunction. Specifically, on the question of potential for irreparable harm if the injunction is not granted. It has been held that "irreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief." Charlesbank Equity Fund II Ltd. v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004) (citing Matos v. Clinton Sch. Dist., 367 F.3d 68, 73 (1st Cir. 2004)). The burden is on the movant to demonstrate that the denial of preliminary injunctive relief is likely to cause irreparable harm and such showing must be "grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Charlesbank Equity Fund II Ltd., 370 F.3d at 162; ESSO, 327 F.Supp.2d at 130-131.

Here, plaintiff has failed to establish irreparable injury. Plaintiff testified on direct examination at the PI hearing that he suffered some physical damages on December 4, 2004 including a broken vertebra, scrapes and bruises. In addition, plaintiff claims in his testimony and in his declaration that he feels intimidated by Officers Díaz and Rodríguez, without more. Docket No. 6, Exhibit 1. Notwithstanding, no medical records or evidence was presented by plaintiff at the hearing of any medical treatment he received as a consequence of these physical damages and any emotional damages. No evidence was presented either as to the severity of these damages and the nature of the damages (temporary vs. permanent).

Furthermore, during cross-examination, plaintiff testified that the **only** effect of the two (2) citations, he received to appear in state court, is that in fact he has appeared in state court twice.

Orlando Robles-Ortiz v. Pedro Toledo, et al
Civil No. 05-1281 (JAG)
Report and Recommendation
Page 17

The physical damages allegedly suffered by plaintiff, the alleged feelings of intimidation and his appearance twice in state court do not amount to irreparable harm for purposes of the issuance of a preliminary injunction. Plaintiff has not made a showing of irreparable injury--one that is "great and immediate," Younger, 401 U.S. at 46.

The injury claimed by herein plaintiff as to the possibility of facing state penal prosecution is considered, without more, incidental to every criminal proceedings brought lawfully and in good faith, absent evidentiary determination that constitutional violations are engaged. See Mitchum v. Foster, 407 U.S. 225,92 S.Ct. 2151 (1972); Douglas v. City of Jeannette, 319 U.S. 157, 63 S. Ct. 877, 87 L. Ed. 1324 (1943). According to Younger, 401 U.S. at 45 "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution."

The final two prongs of the preliminary injunction standard must also be decided against plaintiff. Both are also affected by principles of comity and federalism. For instance, as to the balance of hardships, it appears that an injunction would have an adverse impact in the principle of equity, comity and federalism in that federal courts should not enjoin a state criminal prosecution. As discussed above, Younger mandates due respect for said functions. Additionally, with respect to the effect of injunctive relief on the public interest, the consequences are not de minimis. The court's ruling could have an adverse impact on the public

interest in the prevention and deterrence of crime and the legitimate interest of the state in enforcing its laws against those citizens who allegedly engage in conduct defined as punishable under its statutes.

In sum, plaintiff cannot show that he meets the requirements for the issuance of a preliminary injunction even if abstention were not warranted. Accordingly, it is recommended that plaintiff's request for a preliminary injunction be DENIED.

## IV. CONCLUSION

In light of the above, it is recommended that plaintiff's preliminary injunction be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 2nd day of September of 2005.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE